RICHARD DUSTERHOFT,

           Plaintiff,

    v.                                   Case No. 22-cv-0882-bhl

ONE TOUCH POINT, INC,

           Defendant.

---

ROBIN GUERTIN,

           Plaintiff,

    v.                                   Case No. 22-cv-0899-bhl

ONETOUCHPOINT MIDWEST CORP,

           Defendant.

---

MICHAEL MEEKS,

           Plaintiff,

    v.                                   Case No. 22-cv-0910-bhl

ONE TOUCH POINT, INC,

           Defendant.

---

THOMAS LUCA,

           Plaintiff,

    v.                                   Case No. 22-cv-0912-bhl

ONETOUCHPOINT INC,

           Defendant.

---

SHIRA HAID,

                Plaintiff,

    v.                                                  Case No. 22-cv-0946-bhl

ONETOUCHPOINT CORP,

                Defendant.

---

VERA HAYS,

                Plaintiff,

    v.                                                  Case No. 22-cv-0977-bhl

ONETOUCHPOINT CORP,

                Defendant.

---

CYNTHIA SAFFO et al,

                Plaintiff,

    v.                                                  Case No. 22-cv-0997-la

ONETOUCHPOINT, INC.,

                Defendant.

---

ARIA NARDI,

                Plaintiff,

    v.                                                  Case No. 22-cv-998-bhl

ONETOUCHPOINT INC,

                Defendant.

---

JEFFREY NEIL YOUNG,

                Plaintiff,

     v.                                           Case No. 22-cv-1029-bhl

ONETOUCHPOINT INC,

                Defendant.

---

DONNA GEAR,

                Plaintiff,

     v.                                           Case No. 22-cv-1038-jps

ONETOUCHPOINT, INC,

                Defendant.

---

RICHARD KREFTING,

                Plaintiff,

     v.                                           Case No. 22-cv-1052-bhl

ONETOUCHPOINT INC,

                Defendant.

---

CRYSTAL LAMB,

                Plaintiff,

      v.                                        Case No. 22-cv-1091-bhl

ONETOUCHPOINT INC,

                Defendant.

---

## ORDER ON MOTIONS TO CONSOLIDATE AND APPOINT MEMBERS OF PLAINTIFFS' LEADERSHIP GROUP

---

Over the past two months, a dozen plaintiffs have filed complaints in this Court against OneTouchPoint Corp.,[1] a brand management company that allegedly compromised the private information of over one million individuals. One of those filers, Plaintiff Richard Dusterhoft has moved to consolidate all 12 actions, as well as any that may be filed in the future. Because the cases involve common questions of law and fact and consolidation will promote judicial efficiency, the motion will be granted. Dusterhoft has also moved for appointment of a leadership group composed of interim class counsel and a steering committee. Finding the requirements of Fed. R. Civ. P. 23 satisfied, that motion will also be granted.

## BACKGROUND

Defendant OneTouchPoint, Corp. offers print, marketing execution, and supply chain management services to organizations in the healthcare sector. Ionut Arghire, *OneTouchPoint Discloses Data Breach Impacting Over 30 Healthcare Firms*, Sec. Week (July 29, 2022), https://www.securityweek.com/onetouchpoint-discloses-data-breach-impacting-over-30-healthcare-firms. On or around April 28, 2022, the company discovered a data breach had exposed the names, member IDs, and health information of over one million of its clients' customers. (22-0882, ECF No. 1 at 2.) It began notifying those affected about three months later, leading to the inundation of lawsuits in this Court. (*Id.*)

---

[1] Although the name of the defendant varies slightly among cases, all complaints refer to the same data breach incident and identify Defendant's principal place of business as located on Walnut Ridge Drive in Hartland, Wisconsin.

**LEGAL STANDARD**

"If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(2). "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018). In the Eastern District of Wisconsin, a motion to consolidate "must be decided by the judge to whom the lowest numbered case is assigned." Civ. L.R. 42(a).

When a Court consolidates a large number of putative class actions, it may also appoint interim class counsel under Fed. R. Civ. P. 23(g)(3). *See Levey v. Concesionaria Vuela Compañía de Aviación, S.A.P.I. de C.V.*, 529 F. Supp. 3d 856, 867 (N.D. Ill. 2021) (citations omitted). This must be done according to the considerations set out in Fed. R. Civ. P. 23(g)(1)(A), *Hill v. The Tribune Co.*, No. 05-CV-2602, 2005 WL 3299144, at *3 (N.D. Ill. Oct. 13, 2005), and is appropriate where "necessary to protect the interests of class members." *Moehrl v. Nat'l Ass'n of Realtors*, No. 19-CV-01610, 2020 WL 5260511, at *1 (N.D. Ill. May 30, 2020). The Court may also appoint a "steering committee" to help facilitate smooth resolution of the case. *See e.g., In re TikTok, Inc., Consumer Priv. Litig.*, 565 F. Supp. 3d 1076, 1080 (N.D. Ill. 2021).

**ANALYSIS**

## I. The Actions Involve Common Questions of Fact and Law and Should Be Consolidated to Promote Judicial Efficiency.[2]

The actions pending before the Court are ripe for consolidation. Each seeks to certify a nationwide class action against the same defendant for substantially similar violations of law arising from the same set of underlying facts. And none of the cases has progressed beyond the others. Consolidation will, therefore, conserve resources and eliminate the risk of inconsistent rulings. Other courts have consolidated data-breach actions for similar reasons. *See In re Target Corp. Customer Data Sec. Breach Litig.*, Pretrial Order No. 1 at 1, 14-md-2522, ECF No. 4 (D. Minn. Apr. 14, 2014); *In re The Home Depot, Inc. Customer Data Sec. Breach Litig.*, Case Management Order No. 2 at 1-2, No. 1:14-md-2583, ECF No. 36 (N.D. Ga. Jan. 16, 2015); *First Choice Fed. Credit Union v. The Wendy's Co., et al*, Order of July 12, 2016, 2:16-cv-506, ECF No. 20 (W.D. Pa. July 12, 2016). This Court will join the list, grant the motion to consolidate, and designate *Dusterhoft v. OneTouchPoint, Inc.*, 22-cv-0882-bhl as the master docket for consolidated proceedings.

---

[2] Defendant does not oppose the motion to consolidate. (22-cv-0882, ECF No. 9 at 11.)

## II. Appointment of Plaintiffs' Leadership Group Will Protect the Interests of Putative Class Members.[3]

Plaintiffs also seek an order appointing Gary M. Klinger of Milberg, Coleman, Bryson, Phillips, Grossman, PPLC and Gary F. Lynch of Lynch Carpenter, LLP as Interim Co-Lead Class Counsel and Benjamin F. Johns of Chimicles, Schwartz, Kriner, & Donaldson-Smith, LLP; Joseph M. Lyon of The Lyon Firm; Raina C. Borrelli of Turke & Strauss, LLP; Joseph P. Guglielmo of Scott+Scott Attorneys at Law, LLP; William B. Federman of Federman & Sherwood; and Lynda J. Grant of TheGrantLawFirm, PLLC as members of the Plaintiffs' Steering Committee. (22-cv-0882, ECF No. 10 at 7.)

"Under [Fed. R. Civ. P.] 23(g)(3), [the] Court 'may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action.'" *Levey*, 529 F. Supp. 3d at 866 (quoting Fed. R. Civ. P. 23(g)(3)). But it must first consider: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the type of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class[.]" Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv). It may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class[.]" Fed. R. Civ. P. 23(g)(1)(B).

Plaintiffs have provided extensive documentation that demonstrates each member of the proposed leadership group's experience and competence as well as their diligence in pursuing this particular case. (22-cv-0882, ECF Nos. 10-1, 10-2, 10-3, 10-4, 10-5, 10-6, 10-7, 10-8.) All eight lawyers and their respective firms have a substantial track record of success in complex class action data breach cases. (22-cv-0882, ECF No. 10 at 9-24.) And they have already dedicated significant time and effort investigating the matters alleged in the various complaints pending in this district. (*Id.*) Collectively, the members of the proposed leadership group possess over 150 years of relevant experience. (*Id.*) And attorneys Klinger and Lynch (the proposed co-leads) alone have obtained hundreds of millions of dollars for their clients in complex class action cases. (*Id.* at 9-14.) Finally, the proposed members of the leadership group and their respective law firms have the resources to see this litigation through to its end, including trial if necessary. (*Id.* at 26.) In short, the proposed members of the leadership group satisfy all four considerations listed in Fed.

---

[3] Defendant takes no position on the Motion for Appointment of Interim Class Counsel.

R. Civ. P. 23(g)(1)(A). Accordingly, the Court will grant the motion and appoint them as requested.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff Dusterhoft's motion to consolidate: *Dusterhoft v. OneTouchPoint, Inc.*, 22-cv-0882-bhl; *Guertin v. OneTouchPoint Midwest Corp.*, 22-cv-0899-bhl; *Meeks v. OneTouchPoint, Inc.*, 22-cv-0910; *Luca v. OneTouchPoint, Inc.*, 22-cv-0912-bhl; *Haid v. OneTouchPoint Corp.*, 22-cv-0946-bhl; *Hays v. OneTouchPoint, Inc.*, 22-cv-0977-bhl; *Saffo et al v. OneTouchPoint, Inc.*, 22-cv-0997-la; *Nardi v. OneTouchPoint, Inc.*, 22-cv-0998-bhl; *Young v. OneTouchPoint, Inc.*, 22-cv-1029-bhl; *Gear v. OneTouchPoint, Inc.*, 22-cv-1038-jps; *Krefting v. OneTouchPoint, Inc.*, 22-cv-1052-bhl; and *Lamb v. OneTouchPoint Corp.*, 22-cv-1091-bhl is **GRANTED**. The Clerk is directed to designate *Dusterhoft v. OneTouchPoint, Inc.*, 22-cv-0882-bhl as the master docket number for consolidated proceedings and to administratively close the remaining 11 actions.

**IT IS FURTHER ORDERED** that upon the filing of any additional case in this District arising out of the same facts and raising the same or similar legal issues, any party to the consolidated proceedings may file a notice of related action in the master docket, whereupon the Court will direct the Clerk to add the newly filed case to the consolidated action. Such consolidation will be without prejudice to the rights of the parties thereto to thereafter move for deconsolidation of a particular action by showing why that action should not be consolidated under Fed. R. Civ. P. 42.

**IT IS FURTHER ORDERED** that Gary M. Klinger of Milberg, Coleman, Phillips, Grossman, PLLC and Gary F. Lynch of Lynch Carpenter, LLP are appointed Interim Co-Lead Counsel for all Plaintiffs. Interim Co-Lead Counsel must assume responsibility for the following duties during all phases of this litigation:

1. Coordinating the work of preparing and presenting all of Plaintiffs' claims and otherwise coordinating all proceedings, including organizing and supervising the efforts of Plaintiffs' counsel in a manner to ensure that Plaintiffs' pretrial preparation is conducted effectively, efficiently, expeditiously, and economically;

2. Delegating work responsibilities and monitoring the activities of all Plaintiffs' counsel in a manner to promote the orderly and efficient conduct of this litigation and to avoid unnecessary duplication and expense;

3. Calling meetings of Plaintiffs' counsel for any appropriate purpose, including coordinating responses to questions of other parties or of the Court, and initiating proposals, suggestions, schedules, and any other appropriate matters;

4. Determining (after consultation with other co-counsel as may be appropriate) and presenting (in briefs, oral argument, or such other fashion as he or his designee may deem appropriate) to the Court and opposing parties the position of Plaintiffs on all matters arising during pretrial (and, if appropriate, trial) proceedings;

5. Serving as the primary contact for all communications between Plaintiffs and Defendant, and acting as spokespersons for all Plaintiffs vis-à-vis Defendant and the Court;

6. Directing and executing on behalf of Plaintiffs the filings of pleadings and other documents with the Court;

7. Appearing at all court hearings and conferences regarding the case as most appropriate for effective and efficient representation, and speaking for Plaintiffs at all such hearings and conferences;

8. Receiving and initiating communication with the Court and the Clerk of Court (including receiving orders, notices, correspondence, and telephone calls) and dispensing the content of such communications among Plaintiffs' counsel;

9. Initiating and conducting discussions and negotiations with counsel for Defendant on all matters, including settlement;

10. Negotiating and entering into stipulations with opposing counsel as necessary for the conduct of the litigation;

11. Initiating, coordinating, and conducting all discovery on Plaintiffs' behalf and ensuring its efficiency;

12. Selecting, consulting with, and employing experts for Plaintiffs, as necessary;

13. Encouraging and enforcing efficiency among all Plaintiffs' counsel;

14. Assessing Plaintiffs' counsel for the costs of the litigation;

15. Preparing and distributing periodic status reports to the Court and to the parties as ordered;

16. Developing and recommending for Court approval practices and procedures pertaining to attorneys' fees and expenses as further detailed below and, on an ongoing basis, monitoring and administering such procedures. At such time as may be appropriate, Co-Lead Counsel also will recommend apportionment and allocation of fees and expenses subject to Court approval; and

17. Performing such other duties as are necessary in connection with the prosecution of this litigation or as may be further directed by the Court.

**IT IS FURTHER ORDERED** that Benjamin F. Johns of Chimicles, Schwartz, Kriner, & Donaldson-Smith, LLP; Joseph M. Lyon of The Lyon Firm; Raina C. Borrelli of Turke & Strauss, LLP; Joseph P. Guglielmo of Scott+Scott Attorneys at Law, LLP; William B. Federman of Federman & Sherwood; and Lynda J. Grant of TheGrantLawFirm, PLLC are appointed to the Plaintiffs' Steering Committee. The Steering Committee shall assist Plaintiffs' Co-Lead Counsel and Plaintiffs' Liaison Counsel in coordinating Plaintiffs' pretrial activities, fulfilling the obligations set forth above, and in planning for trial. The Steering Committee may create other such committees and subcommittees (made up of counsel of record in this proceeding) as are necessary and proper to efficiently carry out its responsibilities, designate members thereof, and to delegate common benefit work responsibilities to selected counsel (including non-members of the Steering Committee), as may be required for the common benefit of Plaintiffs.

To the extent a committee or subcommittee needs additional support with its common benefit work, it may seek the participation and assistance of non-leadership counsel. However, no common benefit work may be performed by non-leadership counsel without the prior approval of Plaintiffs' Co-Lead Counsel. The Court may amend or expand the Steering Committee upon request from Plaintiffs' Co-Lead Counsel or on the Court's own motion, if and as circumstances warrant.

**IT IS FURTHER ORDERED** that any discussions of a settlement of this litigation shall be conducted by Interim Co-Lead Counsel and any counsel designated by Interim Co-Lead Counsel.

**IT IS FURTHER ORDERED** that, in advance of each status conference, Interim Co-Lead Counsel and Defendant's counsel will meet and confer regarding the agenda for the conference. Unless otherwise ordered, Interim Co-Lead Counsel and Defendant's counsel will file a joint notice setting out the proposed agenda and the parties' joint and/or respective positions no later than five calendar days prior to each status conference.

**IT IS FURTHER ORDERED** that this Order applies to all actions included in the above-captioned consolidated matters and all subsequently consolidated actions. Interim Co-Lead Counsel must serve a copy of this Order and all future orders promptly by overnight delivery service, facsimile, or other expeditious electronic means on counsel for Plaintiffs in each related action not yet consolidated in this proceeding to the extent that Interim Co-Lead Counsel is aware of any such action(s) and on all attorneys for Plaintiffs whose cases have been so consolidated but who have not yet registered for ECF.

**IT IS FURTHER ORDERED** that Stipulation for Enlargement of Time to File Responsive Pleadings to the Complaint, 22-cv-0882, ECF No. 11, is **APPROVED**. Based upon the parties' stipulation, the consolidated plaintiffs must file a consolidated class action complaint within **30 days** of the date of this Order. Defendant must then respond to the consolidated class action complaint within **45 days**.

Dated at Milwaukee, Wisconsin on September 29, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge